Dye *et al. v.* Dye, administrator.

FISH, J. 1. A paper attested by three witnesses and, as a whole, manifestly testamentary in character, and which also contains a right of revocation by the maker, should, though having in some respects the form of a deed, be treated as a will. *Barnes* v. *Stephens,* 107 *Ga.* 442.

2. The trial judge did not err in holding that the papers involved in the present case were testamentary in character and not deeds, but ought not to have ordered them to be cancelled. Direction is given that so much of the judgment excepted to as requires the cancellation of these papers be stricken therefrom.

*Judgment affirmed, with direction. All the Justices concurring.*

Argued June 8,—Decided July 21, 1899.

Equitable petition. Before Judge Reese. Warren superior court. October term, 1898.

The only question for decision in this case was whether certain papers were testamentary or deeds. It appears that there were four of these papers, but only three of them are copied in the record. Each begins in the usual form of a deed of gift to land. They recite that they are made in consideration of the love the party of the first part, William Dye, has for his children named, parties of the other part, and for the further consideration of making a distribution of his real estate among them. Then follow the usual granting and habendum clauses, and then a clause containing certain reservations. This final clause, in one of the papers, is as follows: "Provided, however, and it is hereby understood, that the said W. Dye doth hereby reserve to himself the right to control said land and to draw such portions of the rent and profits arising from said land as he may see fit and proper each and every year during the term of natural life, and also the right to revoke this deed and make any change of conveyance, if in his judgment such revocation should be found necessary and proper;

and this deed to have full force and effect at the death of said Wm. Dye." In another of the papers the final clause referred to is as follows: "Provided always, and it is the express understanding and provision of the said Wm. Dye, that this deed is not to go into full force and effect during his natural life, but he . . does hereby reserve to himself the privilege of selling the land if necessary or if desired so to do during the term of his natural life, and doth also reserve the right to draw yearly and every year a reasonable portion of the profits and income arising from said land, not exceeding the sum of forty-five dollars each year during said term of his natural life. And it is the further understanding and provision of these presents that the said [party of the other part] is not to sell, alienate, or in any way encumber the same during the lifetime of Wm. Dye without his knowledge and consent." In the remaining paper the concluding clause was as follows: "Provided that the said Wm. Dye doth reserve to himself the full use and control of the lands and premises aforesaid during the term of his natural life, as well as the profits, rents, and issues of the same, and also reserves to himself the right to sell the same if such sale should in his judgment become necessary or proper, but should such sale never be made, this deed to be of full force and virtue at the death of the said Wm. Dye." The attestation clause in each paper was of the form usual for deeds, and was signed by three witnesses.

E. T. Shurley and E. P. Davis, for plaintiffs in error.